Dorothy MOUNCE, Individually and as Personal Representative of the Estate of Timothy Mounce, Deceased, Plaintiff,

v.

Peggy MOUNCE, Defendant.

No. 94–CV–747–H.

United States District Court,
N.D. Oklahoma.

Feb. 13, 1996.

John W. Young, John M. Young, Sapulpa, OK, Larry Click, Sapulpa, OK, for Dolores Mounce.

John J. Gardner, Northcutt Clark Gardner Hron & Powell, Ponca City, OK, for defendant Peggy Mounce.

## ORDER

HOLMES, District Judge.

This matter comes before the Court on a Motion for Summary Judgment by Defendant Peggy Mounce and a Motion for Summary Judgment by Plaintiff Dolores Mounce, individually and as personal representative of the estate of Timothy Mounce, deceased. The facts necessary to resolve these motions are not in dispute and are drawn largely from the stipulations of the parties.

### I.

Timothy Mounce was an employee of WITCO and received the benefits of the WITCO Benefit Plan up until the time of his death. The Collective Bargaining Agreement between WITCO Corporation, Concarb Division, and the Oil, Chemical and Atomic Workers International Union, AFL–CIO Local No. 5–857, of Ponca City, Oklahoma, for the period covering 1992 to 1995, shows that the Group Life Insurance Plan which covered the deceased was provided as a result of the Collective Bargaining Agreement. Group Contract No. G–17673, issued through Prudential Insurance Company, and the WITCO Employee Booklet, were in full force and effect and were the basis of said insurance contract as of the time of the death of Timothy Mounce. Payment of each month's premium for the life insurance came from the payroll deduction plan out of Timothy Mounce's earnings from WITCO.

Timothy Mounce and Peggy Mounce were married on September 18, 1974, and remained husband and wife until December 6, 1993. On September 24, 1985, Timothy Mounce designated Peggy Mounce as the sole beneficiary for his death benefits under the Group Life Insurance Policy. Peggy Mounce filed for divorce in the District Court of Kay County, Oklahoma on August 27, 1993 in Case # P 93–258 PC.

On August 31, 1993, four days after the Petition for Divorce was filed by Peggy Mounce, Timothy Mounce executed a form withdrawing all of his Thrift Savings Plan accumulations and designated his mother Dolores Mounce as future beneficiary of the Thrift Savings Plan. Their divorce became final on December 6, 1993 pursuant to a Decree of Divorce. On December 15, 1993 Timothy Mounce executed a Last Will and Testament naming his mother as his sole beneficiary. Timothy Mounce died on January 4, 1994. His will was admitted to probate by the District Court of Kay County, Oklahoma in Case # P 94–29 on March 17, 1994.

### II.

Summary judgment is appropriate where "there is no genuine issue as to any material fact," *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Windon Third Oil & Gas Drilling Partnership v. Federal Deposit Insurance Corp.,* 805 F.2d 342, 345 (10th Cir.1986), *cert. denied,* 480 U.S. 947, 107 S.Ct. 1605, 94 L.Ed.2d 791 (1987), and "the moving party is entitled to judgment as a matter of law," Fed.R.Civ.P. 56(c). In *Celotex,* the Supreme Court stated:

[t]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

477 U.S. at 322, 106 S.Ct. at 2552.

A party opposing a properly supported motion for summary judgment must offer evidence, in admissible form, of specific facts, Fed.R.Civ.P. 56(e), sufficient to raise a "genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) ("the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment"). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248, 106 S.Ct. at 2510.

Summary judgment is only appropriate if "there is [not] sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 249, 106 S.Ct. at 2511. The Supreme Court stated:

[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Id.* at 252, 106 S.Ct. at 2512. Thus, to defeat a summary judgment motion, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 585–86, 106 S.Ct. 1348, 1355–56, 89 L.Ed.2d 538 (1986); *Anderson,* 477 U.S. at 250, 106 S.Ct. at 2511 ("there is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." (citations omitted)).

In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. at 2512. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. *Boren v. Southwestern Bell Tel. Co.,* 933 F.2d 891, 892 (10th Cir. 1991).

### III.

The parties agree that the benefits accrued by Timothy Mounce as a result of his employment with WITCO Corporation are part of an "employee benefit plan" and, thus, the terms of his benefits are governed by the Employee Retirement Income Security Act ("ERISA"). The parties further agree that, because his benefits are governed by ERISA, any state law claim based upon Okla.Stat. tit. 15, § 178 (1981) (statute pursuant to which all provisions in death benefits contracts in favor of ex-spouse are revoked by operation of law) is preempted. *Metropolitan Life Ins. Co. v. Hanslip,* 939 F.2d 904, 907 (10th Cir. 1991).

There is also no dispute that the terms and conditions of the death benefits accruing to the deceased are set forth in Group Contract No. G–17673, issued through Prudential Insurance Company, and WITCO's Employee Benefit Booklet.

Plaintiff Dolores Mounce is the mother of the deceased; Peggy Mounce was married to the deceased until December 9, 1993, when the divorce decree was executed, shortly before the death of Timothy Mounce. Both Plaintiff and Defendant assert that they are entitled to the death benefits under Prudential Insurance Company Policy No. G–17673.

The parties agree that Timothy Mounce designated his then wife, Peggy Mounce, as sole beneficiary under the policy on September 24, 1985. The Employee Benefit Booklet prescribes the method through which an employee may change his or her designated beneficiary:

"Beneficiary" means a person chosen, on a form approved by Prudential, to receive the insurance benefits. You have the right to choose a Beneficiary. If there is a Beneficiary for the insurance, it is payable

to that Beneficiary. Any amount of insurance for which there is no Beneficiary at your death will be payable to your estate. You may change the Beneficiary at any time without the consent of the present Beneficiary. The Beneficiary change form must be filed through the Contract Holder. The change will take effect the date the form is signed. But it will not apply to any amount paid by Prudential before it receives the form.

Plaintiff has attached affidavits from Bueford Jay Mounce, the decedent's brother; Larry D. Wagener, the decedent's divorce attorney; and herself, stating that the decedent had informed them that he had changed the beneficiary designation on the life insurance policy from his former wife, Peggy Mounce, to his mother, Dolores Mounce. However, neither WITCO nor any party to this litigation has produced a "Beneficiary change form" designating Dolores Mounce, or any other person, as beneficiary under the life insurance policy at issue.

Although WITCO has been unable to produce the required form, Wagener asserts in his affidavit that, on January 14, 1994 (ten days after the death of Timothy Mounce), he and the decedent's brother conferred with Robert Howard, the WITCO employee charged with administering the employee benefits plan. Wagener states that:

> Mr. Howard informed Jay Mounce and myself at that time that, prior to his death, Timothy R. Mounce had performed everything that was necessary to change the beneficiary on his life insurance from Peggy D. Mounce to Dolores Mounce, except the presentation of a final decree of divorce to WITCO. Mr. Howard said he had been after Tim to bring in the final decree as late as December 1993, and then showed us a copy of Tim's thrift plan change of beneficiary that Tim had signed in October of 1993. Mr. Howard advised both Mrs. Mounce and myself that the life insurance change of beneficiary could not be finished without the final decree. Jay Mounce gave Mr. Howard a copy of Tim's final decree of divorce and, Mr. Howard

said he would go ahead and submit it to the home office.

Based upon the testimony contained in the three aforementioned affidavits, Plaintiff argues that the state law doctrine of substantial compliance dictates that the alleged intent of the deceased—to change the beneficiary designation from his ex-wife to his mother—should be carried out by distributing the proceeds of his life insurance policy to his mother.

The state law doctrine of substantial compliance is not preempted by ERISA. *Peckham v. Gem. State Mut. of Utah,* 964 F.2d 1043, 1053 (10th Cir.1992). The doctrine operates to carry out the intent of the insured where "the insured has done all in his power to effect a change of beneficiar[y], and after his death only ministerial acts remain to be performed...." *Ivey v. Wood,* 387 P.2d 621, 626 (Okl.1963) (quoting *Harjo v. Fox,* 193 Okl. 672, 146 P.2d 298, 301 (1944)).

In the instant case, Plaintiff fails to come within the purview of the doctrine for two reasons: first, the only evidence submitted by Plaintiff in support of her claim of substantial compliance is a claim that WITCO employer Robert Howard made certain statements which are in the form of inadmissible hearsay, *see* Fed.R.Civ.P. 56(e); *Starr v. Pearle Vision, Inc.,* 54 F.3d 1548, 1555 (10th Cir.1995), and, second, even if the Court could consider such alleged statements, the deceased had not "done all in his power to effect a change of beneficiar[y]" because, even assuming such statements to be true, he had not completed the procedure required by WITCO to change the beneficiary designation under the policy. Therefore, the doctrine of substantial compliance does not save Plaintiff's claim.

Plaintiff argues alternatively that, pursuant to Timothy Mounce's divorce decree, the life insurance proceeds are part of his estate. If this were true, then the proceeds would be payable to Plaintiff because the will of the deceased names the Plaintiff, his mother, as his sole beneficiary. In sup-

port of her argument, Plaintiff relies upon *Carland v. Metropolitan Life Insurance Co.*, 935 F.2d 1114 (10th Cir.) *cert. denied*, 502 U.S. 1020, 112 S.Ct. 670, 116 L.Ed.2d 761 (1991), which held that "qualified domestic relations orders" ("QDROs"), as defined by 29 U.S.C. § 1056(d)(3)(B)(i),[1] are excluded from the preemption clause of ERISA. However, the Mounce divorce decree does not meet the statutory requirements for a QDRO. The Mounce decree does not even address the designation of a beneficiary for the proceeds of Timothy Mounce's life insurance policy. *Cf. Carland*, 935 F.2d at 1116 (where divorce decree ordered insured "to make irrevocable designation of Plaintiff as sole primary beneficiary under and of, the policies of insurance on the life of Defendant," domestic relations order was not preempted by ERISA). Therefore, Plaintiff's second argument fails as well.

In summary, in accordance with the terms of the ERISA plan, the Court awards the proceeds of Timothy Mounce's life insurance policy to Defendant, who is the sole designated beneficiary of record. Plaintiff's Motion for Summary Judgment (Docket # 32) is denied, and Defendant's Motion for Summary Judgment (Docket # 26) is granted.

IT IS SO ORDERED.

---

[1]. According to 29 U.S.C. § 1056(d), a court order relating to spousal property rights is a QDRO if it "creates or recognizes the existence of an alternate payee's right to . . . receive all or a portion of the benefits payable" under a plan. 29 U.S.C. § 1056(d)(3)(B)(i)(I). To qualify under the statute, a court order must include: (1) the name of the participant and the name and mailing address of an alternate payee covered by the order, (2) the amount or percentage of benefits payable to an alternate payee or a manner of determining the amount or percentage, (3) the number of payments or period affected by the order, and (4) the plan to which the order applies. *Id.* § 1056(d)(3)(B)(i)(II), (d)(3)(C).