No. 95-3351

Trinidad Corporation,                    *
                                         *
        Appellant,                       *
                                         *   Appeal from the United States
        v.          *                    District Court for the Eastern
                                         *   District of Missouri.
National Maritime Union of               *
America, District No. 4,                 *
Marine Engineers Beneficial              *
Association,                             *
                                         *
        Appellee. *


Submitted:  March 13, 1996

Filed:  April 18, 1996


Before  MORRIS  SHEPPARD  ARNOLD,  FLOYD  R.  GIBSON,  and  HEANEY,  Circuit
        Judges.


MORRIS SHEPPARD ARNOLD, Circuit Judge.

        Trinidad Corporation appeals the district court's order denying its
motion for summary judgment and granting the National Maritime Union's
(NMU) cross-motion for summary judgment.  We reverse.


I.

        Trinidad owns and operates United States flag vessels on the high
seas.  For many years, it had a collective bargaining relationship with
NMU, which represented the unlicensed seamen working on Trinidad's ships.
The last collective bargaining agreement between Trinidad and NMU expired
in 1984, but it was

extended several times.  The agreement required mandatory arbitration of all labor disputes.

In 1990, Trinidad and NMU signed a Memorandum of Understanding that extended the collective bargaining agreement through June 15, 1994.  (The parties later changed the expiration date to June 15, 1993.)  The "duration clause" of the Memorandum of Understanding provided that, after the expiration date, the collective bargaining agreement would continue in effect from year to year

> unless either party hereto shall give written notice to the other of its desire to amend the Agreement or ... to terminate the Agreement, either of which shall be given at least sixty (60) days, but no sooner than ninety (90) days, prior to the expiration or anniversary date.  In the event either party serves notice to amend the Agreement, the terms of the Agreement in effect at the time of the notice to amend shall continue in effect either until mutual agreement on the proposed amendments or an impasse has been reached.

A second agreement between Trinidad and NMU is also relevant to this case.  In 1988, Trinidad and NMU settled litigation concerning an alleged breach of the collective bargaining agreement.  Their settlement agreement provided that "the number of ocean-going vessels operated by TRINIDAD CORPORATION will at all times be equal to or exceed the total number of such vessels ... operated by APEX [Trinidad's parent corporation] and/or any Subsidiary or Affiliate thereof."  Trinidad was bound by the settlement agreement for as long as the collective bargaining agreement remained in effect.

On March 16, 1993, NMU notified Trinidad that it wanted to amend the collective bargaining agreement.  Trinidad, however, did not take NMU up on the offer.  Instead, Trinidad sent NMU written notice of its intent to terminate the agreement on its expiration date.

Several months later, Trinidad asked the district court to enter a declaratory judgment to the effect that the collective bargaining agreement had expired on June 15, 1993. Trinidad also sought to enjoin NMU from seeking to arbitrate four grievances that it had submitted since that date. Three of these grievances involved alleged violations of the collective bargaining agreement: NMU claimed that Trinidad had failed to pay a four percent wage increase, had allowed non-union personnel to perform union work, and had paid an unauthorized bonus to certain seamen. In the final grievance, NMU claimed that Trinidad had violated the settlement agreement by operating fewer ships than Crest Tankers, Inc. (an APEX subsidiary). Trinidad asserted that it was not required to arbitrate any of these disputes because they all arose after the collective bargaining agreement expired.

Trinidad filed a motion for summary judgment, and NMU filed a cross-motion for summary judgment. The district court denied Trinidad's motion and granted NMU's motion. The court held that the collective bargaining agreement remained in effect because NMU indicated that it wanted to amend the agreement before Trinidad sent its termination notice. The court reasoned that the second sentence of the duration clause ("In the event either party serves notice to amend ... the terms of the Agreement ... shall continue in effect until either mutual agreement ... or an impasse has been reached") precluded Trinidad from terminating the agreement until the parties bargained to an impasse. The court then found that there was no evidence that negotiations had reached that stage.

II.

On appeal, Trinidad argues that the district court erred in holding that the collective bargaining agreement did not expire on June 15, 1993. It contends that the court improperly allowed NMU's desire to amend the agreement to trump Trinidad's right to terminate. Trinidad asserts that, under the agreement, it had an

absolute right to terminate the contract on the expiration date.  We agree.

## A.

"In interpreting a collective bargaining agreement ... we must construe the contract as a whole," Amcar Div., ACF Indus. v. NLRB, 641 F.2d 561, 569 (8th Cir. 1981), and read the terms of the agreement "in their context," Mastro Plastics Corp. v. NLRB, 350 U.S. 270, 281 (1956).  In this case, we believe that the district court read the second sentence of the duration clause out of context.  It is true that this sentence provides that when one party wants to amend the agreement, the agreement's terms remain in effect until the parties reach either an agreement or an impasse.  That sentence, however, follows immediately after language that specifically gives both Trinidad and NMU the right to terminate the agreement on the expiration date (or an anniversary thereof).  We do not think that it would be reasonable to allow narrow and detailed provisions of the contract to trump a previous general provision regarding the fundamental powers of the parties.

Thus, when read as a whole, the duration clause clearly indicates that Trinidad never lost the right to terminate the agreement.  The fact that NMU notified Trinidad that it wanted to amend the agreement did not preclude termination.  To the contrary, the second sentence of the duration clause would have come into play only if Trinidad had not properly exercised its right to terminate the agreement.  We therefore hold that the agreement expired on June 15, 1993.

## B.

NMU argues that the issue of whether the collective bargaining agreement has been terminated should be submitted to arbitration.  We consider the agreement "in the light of the law under which the contract was made."  Id.  It is a well-settled principle of labor

law that the issues of contract termination or expiration are subject to judicial resolution unless the parties agree to submit them to arbitration. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am., U.A.W. v. Int'l Tel. & Tel., Thermotech Div., 508 F.2d 1309, 1313-14 (8th Cir. 1975) ("UAW v. ITT"); see also Local Union No. 884, United Rubber, Cork, Linoleum, and Plastic Workers of Am. v. Bridgestone/Firestone, Inc., 61 F.3d 1347, 1354 (8th Cir. 1995).

It is true that we have held that "a broad arbitration clause indicates an intent to arbitrate disputes relating to a purported termination or expiration of the bargaining agreement." UAW v. ITT, 508 F.2d at 1314. The collective bargaining agreement between Trinidad and NMU, however, does not fall under this narrow exception to the rule that "contract termination issues should be decided by the courts, not the arbitrator." Bridgestone/Firestone, 61 F.3d at 1354. In this case, the "arbitration clause, although phrased broadly, arises in the context of the grievance procedures and we find no indication in the contract language that the parties ever intended the arbitration clause to apply to the overall issue of contract termination." UAW v. ITT, 508 F.2d at 1314.

### III.

Having determined that the collective bargaining agreement terminated on June 15, 1993, we must now decide whether NMU can compel Trinidad to arbitrate the grievances at issue in this case. Because "[n]o obligation to arbitrate a labor dispute arises solely by operation of law," Gateway Coal Co. v. United Mine Workers of Am., 414 U.S. 368, 374 (1974), Trinidad is required to arbitrate only those grievances that arose under the collective bargaining agreement. Id.; Bridgestone/Firestone, 61 F.3d at 1352-53.

NMU did not demand that Trinidad arbitrate the four grievances at issue here until several months after the collective bargaining

agreement expired. The fact that NMU submitted the grievances after expiration, however, does not necessarily mean that the grievances are not arbitrable. According to the Supreme Court, "A postexpiration grievance can be said to arise under the contract ... where it involves facts and occurrences that arose before expiration, where an action taken after expiration infringes a right that accrued or vested under the agreement, or where, under normal principles of contract interpretation, the disputed contractual right survives expiration of the remainder of the agreement." Litton Fin. Printing Div. v. NLRB, 501 U.S. 190, 205-06 (1991).

In this case, our inquiry is limited to determining whether any of the facts and circumstances leading to the relevant grievances arose before termination. NMU does not argue that its right to arbitration vested under the agreement, and, because the agreement does not provide "in explicit terms," id. at 207, that arbitration survives expiration, normal principles of contract law do not lead us to conclude that arbitration is required for post-expiration grievances. Id.; Bridgestone/Firestone, 61 F.3d at 1352-53.

The parties agree that the events underlying two of the grievances (namely, the failure to raise wages by four percent and the payment of an unauthorized bonus to certain seamen) occurred after the expiration date. These grievances therefore did not "arise under" the agreement, and Trinidad does not have to arbitrate them. On remand, we direct the district court to grant Trinidad appropriate relief as to these grievances.

A careful review of the record, however, reveals that the parties disagree about when the events leading to the other two grievances (allowing non-union personnel to perform union work and operating fewer ships than Crest) occurred. Trinidad claims that

they happened after the agreement expired; NMU claims that they began before that time. The district court did not resolve this dispute, and we are not able to do so on the record before us. On remand, the district court must conduct the factual inquiry necessary to resolve this issue. If the relevant events occurred before expiration, then the grievances arose under the agreement and are subject to arbitration. If not, Trinidad is under no obligation to arbitrate them.

## IV.

For the foregoing reasons, we reverse the judgment of the district court and remand the case for proceedings consistent with this opinion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.