# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 00-3113

_____

| | | |
|---|---|---|
| Sheet Metal Workers International Association, Local No. 3, | * * * | |
| Appellant, | * * | |
| v. | * * * | Appeals from the United States District Court for the District of |
| Lozier Corporation, | * * | Nebraska |
| Appellee. | * * | |

_____

Submitted: April 19, 2001
Filed: July 9, 2001

_____

Before RICHARD S. ARNOLD and MORRIS SHEPPARD ARNOLD, Circuit
Judges, and BOGUE,[1] District Judge.

_____

BOGUE, District Judge.

An employee was terminated from Lozier Corporation and the Sheet Metal
Workers' International Association, Local No. 3 ("Union") brought a grievance with
the National Labor Relations Board NLRB ("NLRB"). The collective bargaining

_____

[1]The Honorable Andrew W. Bogue, Senior United States District Judge for the
District of South Dakota, sitting by designation.

agreement between the Union and Lozier set forth the grievance procedure.  At issue in this action is Step 4 which states:

> Within three (3) working days after receipt of such list (referring to the Federal Mediation and Conciliation Service list of five impartial arbitrators), the parties shall meet and alternatively each party shall eliminate one name in turn until only the name of one proposed arbitrator remains, who shall be the sole arbitrator for the grievance...."

The Union and Lozier failed to meet and select an arbitrator in a timely fashion. The parties dispute the reason for this failure to select an arbitrator, but this determination is not relevant to this jurisdictional appeal.  The Union then filed an unfair labor practice action with the NLRB.  The NLRB found no jurisdiction because there was no unfair labor practice.  The Union then filed this action in district court and each party filed a motion for summary judgment.  The district court granted Lozier's motion based upon the reasoning that the NLRB had exclusive jurisdiction and its determination was final.  The Union filed Motions for New Trial and Motions to Alter or Amend the Judgment based upon the jurisdiction issue.  The district court denied these motions.

I.

The review of summary judgment is *de novo*. Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  At issue is whether the district court has jurisdiction over this action.  The Union argues that its pursuit of a claim with the NLRB does not foreclose an action seeking to enforce the contract rights under the collective bargaining agreement in district court.  The Eighth Circuit has held that the NLRB's disposition of an unfair labor practice claim does not dispose of the right to seek arbitration. IBEW 257 v. Sebastian Electric, 121 F.3d 1180, 1182-1186 (8th Cir. 1997).  The Union claims the arbitrator is required to determine the timeliness issue and that the NLRB determination

did not reach this question. We agree. The NLRB clearly did not address the timeliness issue as it did not find a repudiation of the collective bargaining agreement which could constitute an unfair labor practice. The Union has sought to resolve a contractual dispute as to the meaning of the collective bargaining agreement, specifically, the duty to arbitrate, which is not a representation issue.

## II.

The allegation that the requirements of the collective bargaining agreement were not met is clearly a contractual question and not a representational question. Local Union 884 v. Bridgestone/Firestone. Inc., 61 F.3d 1347 (8th Cir. 1995). "In interpreting a collective bargaining agreement ... we must construe the contract as a whole," Amcar Div., ACF Indus. v. NLRB, 641 F.2d 561, 569 (8th Cir.1981), and read the terms of the agreement "in their context," Mastro Plastics Corp. v. NLRB, 350 U.S. 270, 281 (1956). *Excerpt from:* Trinidad Corp. v. Nat'l Maritime Union of America, No. 4, 81 F.3d 769, 772 (8th Cir. 1996). Given the consistent Eighth Circuit precedent that the district courts have concurrent jurisdiction over non-representational matters, this case was properly before the district court and, therefore, summary judgment in favor of Lozier was improper. The district court can defer this matter to the arbitrator to determine the timeliness issue.

Accordingly, we reverse.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-