# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2542

_____

| | | |
|---|---|---|
| A. P. Leonards, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Southern Farm Bureau Casualty | * | |
| Insurance Company, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted: December 13, 2001

Filed: February 6, 2002

_____

Before MORRIS SHEPPARD ARNOLD, BEAM, and RILEY, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

A. P. Leonards appeals the decision of the district court[1] to grant summary judgment to Southern Farm Bureau Casualty Insurance Company. We affirm.

Mr. Leonards purchased a Southern Farm Bureau general liability policy for land that he owned in Arkansas and Missouri. The policy was in effect when one of

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

his employees was injured while working on the Missouri property. The employee sued Mr. Leonards, and Southern Farm Bureau denied coverage for the claim. After settling the lawsuit with the injured worker, Mr. Leonards filed an action in Missouri state court seeking reimbursement from Southern Farm Bureau. The insurer removed the Missouri action to federal court based on diversity jurisdiction and then obtained a change of venue to federal district court in Arkansas, *see* 28 U.S.C. § 1404(a). That court granted summary judgment to Southern Farm Bureau, and Mr. Leonards appealed.

## I.

Mr. Leonards first contends that under the appropriate conflict-of-laws rules the district court should have applied the law of Missouri, rather than the law of Arkansas. We believe, however, that this case presents what has come to be called a false conflict because we conclude that the relevant legal principles are the same in both states with respect to the issue that we find dispositive.

## II.

The declarations page of the Southern Farm Bureau general liability policy issued to Mr. Leonards states under "Coverages Provided" that he had $300,000 in coverage for "Public Bodily Injury Liability" (coverage A-1), and that he had "No Coverage" for "Employers Bodily Injury Liability to Farm Employees" (coverage A-2). Mr. Leonards admits that he did not obtain coverage A-2 and that he now seeks liability coverage for an injury to one of his "farm employee[s]," as that term is defined in the policy. He argues that he should prevail nonetheless because the policy states that coverage A-1 ("Public Bodily Injury Liability" coverage), which he purchased, covers "bodily injury ... sustained by any person," and (his argument goes) the injured farm employee is "any person," a term not defined in the policy.

We believe, however, that the interpretation that Mr. Leonard argues for takes two words out of context and ignores the well settled principle that an insurance

-2-

agreement, like any other contract, must be construed as a whole. *See Columbia Mut. Ins. Co. v. Schauf*, 967 S.W.2d 74, 77 (Mo. 1998). The interpretation of the policy "must be upon the entire instrument and not merely on disjointed or particular parts of it," and the entire context must be considered in order to ascertain the parties' intentions. *See Fowler v. Unionaid Life Ins. Co.*, 180 Ark. 140, 20 S.W.2d 611, 613 (1929), *quoted in First Nat'l Bank v. Griffin*, 310 Ark. 164, 832 S.W.2d 816, 819 (1992). We note moreover that although ambiguities in an insurance policy are construed favorably to the insured, there must be more than one reasonable interpretation to create an ambiguity. *See Elam v. First Unum Life Ins. Co.*, 346 Ark. 291, 57 S.W.3d 165, 169 (2001); *Krombach v. Mayflower Ins. Co.*, 827 S.W.2d 208, 210 (Mo. 1992).

As we have stated the declarations page of the policy separately addresses the liability limits for coverages A-1 and A-2, and in the body of the policy the following appears under the heading "Coverages":

> Coverage A-1 Public Bodily Injury Liability. To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury ... sustained by any person.

> Coverage A-2 Employers Bodily Injury Liability to Farm Employees. Included in the above subject to specific liability limits as stated in the declarations.

Examining the policy as a whole, we agree with the district court that it provides separate provisions and limits of liability for injuries to "farm employees" and injuries to the "public." Reasonably construed, the policy provides that if, and only if, the insured obtains coverage A-2, then liability coverage is available for injuries to farm employees. If the A-2 coverage is purchased, then injuries to farm employees are "[i]ncluded in" and covered under the same circumstances as are injuries to the general public under coverage A-1, with the proviso that coverage for farm-employee injuries are subject to "specific liability limits as stated in the

declarations" for coverage A-2. "[I]f possible, effect must be given to all" provisions of the policy, *Fowler*, 20 S.W.2d at 613; *see also Farm Bureau Town and Country Ins. Co. v. Schmidt,* 751 S.W.2d 375, 376 (Mo. 1988), and we believe that the policy language that specifically addresses coverage for injuries to "farm employees" (A-2) would have no reasonable meaning if, as Mr. Leonards suggests, the coverage provided for "public injury" (A-1) was interpreted to encompass the same events.

We conclude for the above reasons that Mr. Leonard, who elected not to obtain the liability coverage that is specifically provided for injuries to "farm employees," plainly was not entitled to be reimbursed by Southern Farm Bureau after he settled his farm worker's injury claim. Therefore we need not address the district court's additional conclusion that Mr. Leonards failed to give timely notice of the injury to the insurer.

### III.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.