**ARKANSAS CHAPTER, NECA–IBEW RETIREMENT FUND, Plaintiff**

v.

**Laura CHRONISTER, Wendy Chronister Williams, Nathan Ray Chronister, Shane Chronister, Matthew Chronister, and Mindy Chronister, Defendants.**

**No. 4:03CV00684 JLH.**

United States District Court,
E.D. Arkansas,
Western Division.

Sept. 27, 2004.

Richard C. Downing, Richard C. Downing, P.A., Little Rock, AR, for Plaintiff.

Douglas M. Carson, Daily & Woods, P.L.L.C., Fort Smith, AR, J. Douglas Gramling, Estes & Gramling, Fayetteville, AR, Gerald A. Coleman, Durrett & Coleman, for Defendants.

### OPINION AND ORDER

HOLMES, District Judge.

This interpleader action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461. This Court has jurisdiction pursuant to 29 U.S.C. § 1132(e). The facts are not in dispute.

The Arkansas Chapter, NECA–IBEW Retirement Fund has interpled the funds due to Donald Ray Chronister, a participant in the retirement plan, at his death. The persons who claim those funds are Wendy Chronister Williams, Donald's former wife; Laura Chronister, Donald's wife

at the time of his death; and Nathan Ray Chronister, Shane Chronister, Matthew Chronister, and Mindy Chronister, Donald's children.

Donald and Wendy married on August 26, 1989. Donald had one child, Nathan, before the marriage. Donald and Wendy had three children together: Shane, Matthew, and Mindy. On August 19, 1994, Donald designated Wendy as his primary beneficiary under the retirement plan. He designated no contingent beneficiaries. Donald and Wendy divorced on July 12, 1999. Donald did not change the designation of beneficiary, nor did the divorce decree mention the retirement plan.

On January 11, 2002, Donald married Laura. In June 2002, Donald contacted the administrator for the retirement fund trustees to request a beneficiary designation form for a married participant, and forms were sent to him. Donald never returned the forms. On December 28, 2002, Donald died, leaving $28,722.09 to his credit in the retirement plan. He had never changed the designation of Wendy as the beneficiary.

Section 5.2 of the retirement plan provides:

**5.2. *Designation of Beneficiary.***

(a) Each Employee or former Employee shall have the right to designate a Beneficiary or Beneficiaries and contingent or successive Beneficiaries to receive any benefits provided by this Plan which become payable upon the Employee or former Employee's death. The Beneficiaries may be changed at any time or times by the filing of a new designation with the Trustees, and the most recent designation shall govern. Notwithstanding the foregoing and subject to the provisions of Section 4.3.4, the designated Beneficiary shall be the surviving spouse of the Employee or former Employee, unless such surviving

spouse consents in writing to an alternate designation and the terms of such consent acknowledge the effect of such alternate designation and the consent is witnessed by a representative of the Plan or by a notary public. A spouse may not revoke the consent without the approval of the Employee or former Employee. The designation of a Beneficiary other than the spouse of the Employee or former Employee or a form of benefits with the consent of such spouse may not be changed without the consent of such spouse and any consent must acknowledge the specific non-spouse Beneficiary, including any class of Beneficiaries or any contingent Beneficiaries.

**(b)** Absence or Death of Beneficiaries. If an Employee dies without having a beneficiary designation then in force, or if all of the Beneficiaries designated by an Employee or former Employee predecease him, then the Employee shall be deemed to have designated the following as his beneficiaries and contingent beneficiaries with priority in the order named:

(1) his spouse, if living, or

(2) if his spouse is not then living, to his issue, by right of representation, or

(3) if neither his spouse nor his issue are then living, to his heirs at law, their identities and respective shares to be determined under the Probate Code of the State of Arkansas in effect at the time of distribution.

If an Employee dies survived by Beneficiaries designated by him and if all such surviving Beneficiaries thereafter die before complete distribution of such deceased Employee's interest, the estate of the last of such designated Beneficiaries to survive shall be deemed to be the Beneficiary of the undistributed portion of such interest.

In making her claim, Laura relies on the portion of Section 5.2(a) that says that the designated beneficiary "shall be the surviving spouse ... unless such surviving spouse consents in writing to an alternate designation...." She also relies upon the portion of subsection (b) that says that if an employee dies without having a beneficiary designation in force, the designated beneficiary shall be deemed to be his spouse, if living. Section 4.3.4(e) provides, in pertinent part:

(e) *Exception if Participant not Married for a Year.....* If the Participant and his spouse have not been married for at least one (1) year, by reason of the Participant's death or divorce, the spouse is not entitled to any survivor benefits unless requested by the Participant or required by a Qualified Domestic Relations Order.

The provision that a surviving spouse who has been married to the participant for less than one year is not entitled to benefits is permitted by 29 U.S.C. § 1055(f).

■ It is a familiar rule of construction that a contract must be construed as a whole. *Leonards v. Southern Farm Bureau Cas. Ins. Co.,* 279 F.3d 611, 613 (8th Cir.2002); *Sheet Metal Workers Intern. Ass'n Local No. 3 v. Lozier Corp.,* 255 F.3d 549 (8th Cir.2001). The interpretation of a contract must be on the entire instrument and not merely on parts of it. *Leonards,* 279 F.3d at 613. Read as a whole, the plan provides that the designated beneficiary shall be the surviving spouse, unless the surviving spouse consents in writing to an alternate designation; but when the decedent and the spouse have been married less than one year, the spouse is not entitled to any survivor benefits unless requested by the participant or required by a Qualified Domestic Relations Order ("QDRO"). It is undisputed that Laura and Donald had

been married for less than one year at the time of Donald's death. It is undisputed that Donald did not request that survivor benefits be paid to Laura. It is undisputed that no QDRO required survivor benefits to be paid to Laura. Therefore, the plan does not provide for survivor benefits to be paid to Laura.

■ Wendy was not Donald's spouse at the time of his death, nor did a QDRO grant her rights to survivor benefits, so she is not entitled to benefits as the surviving spouse. However, she was the designated beneficiary. Although Donald had the right to change his designation of beneficiary after he and Wendy were divorced, he did not do so. Hence, the designation of Wendy as the beneficiary was still in effect at the time of his death.

Laura argues that Section 5.2(a) requires the written consent of the surviving spouse for anyone other than the surviving spouse to be the designated beneficiary. Since she did not give consent, she argues, Wendy's claim must fail. In effect, Laura's argument is that her marriage to Donald automatically revoked Donald's prior designation of beneficiary. The revocation of the designation of Wendy as beneficiary would mean that there was no designation in effect when Donald died. Since there was no designation in effect, Laura argues, she should receive the benefits pursuant to Section 5.2(b). That argument, however, would read Section 4.34(e) out of the contract; it would mean that a spouse who had been married to a participant less than a year would receive benefits, even if the participant never requested it, and even if no QDRO required it. Courts should interpret a contract to give effect to all of its provisions and avoid an interpretation that renders a clause meaningless. *Fortune Funding, LLC v. Ceridian Corp.*, 368 F.3d 985, 989 (8th Cir.2004).

Neither the plan nor the statute says that, when a plan participant marries, any designation of beneficiary in effect prior to the marriage is automatically revoked on the date of the marriage. For present purposes, it is irrelevant that Donald and Wendy formerly were married. The situation here would be precisely the same if Donald had not married but had executed a designation of beneficiary before his marriage to Laura. Donald was a single person from the time of his divorce from Wendy until his marriage to Laura. Hence, the issue here is not whether divorce and remarriage divest a former spouse of her rights as the surviving spouse, but whether the marriage of a single person automatically revokes a prior designation of beneficiary. It would have been simple enough for the plan to state that any designation of beneficiary is automatically revoked when a plan participant marries, but the plan does not say that. Nowhere does the plan provide that the marriage of a plan participant automatically revokes any designation of beneficiary in effect prior to the marriage. In the absence of such a provision, Laura's argument fails.

■ Nor does a divorce automatically revoke a designation of beneficiary. While a divorce, in the absence of a QDRO, may terminate the rights of a surviving spouse as the surviving spouse, a divorce does not automatically revoke a designation of beneficiary. *Lyman Lumber Co. v. Hill*, 877 F.2d 692 (8th Cir.1989); *Mounce v. Mounce*, 921 F.Supp. 712 (N.D.Okla.1996). Laura cites *Rivers v. Central & Southwest Corp.*, *supra*, and *Kahn v. Kahn*, 801 F.Supp. 1237 (S.D.N.Y.1992), for the proposition that a former wife's right to survivor benefits under an ERISA plan do not survive the divorce, in the absence of a QDRO. However, those cases address the issue of whether, in the absence of a QDRO, an ex-spouse is entitled to survival benefits as the surviving spouse; neither

case addressed the issue here, which is whether a designation of beneficiary is automatically revoked by a divorce. *Lyman Lumber Co.* and *Mounce* hold that a divorce does not automatically revoke a designation of beneficiary. Neither *Rivers* nor *Khan* is to the contrary.

In summary, Donald had executed a written designation of beneficiary in which he designated Wendy as his beneficiary. He never revoked that designation. The divorce did not automatically revoke that designation. The remarriage did not automatically revoke that designation.[1] Wendy is not entitled to benefits as a surviving spouse, but she is entitled to benefits as a designated beneficiary. Laura is not entitled to benefits as a surviving spouse, nor is she entitled to benefits as a designated beneficiary.

Donald's children agree with Laura's argument that Wendy should not receive benefits and with Wendy's argument that Laura should not receive benefits, which, they say, means that the benefits should pass to the children through the plan or through the estate. Since the Court finds that Wendy is entitled to receive the benefits as the designated beneficiary, the Court overrules the children's argument.

In accordance with the terms of the retirement plan, the Court awards the proceeds of Donald Chronister's retirement death benefit policy to Wendy Chronister Williams, the sole designated beneficiary of record. Laura Chronister's Motion for Payment of the Interplead Funds (Docket # 30) is DENIED, and Nathan, Shane, Matthew and Mindy's Motion for Payment of Interplead Funds (Docket # 31) is DENIED. Wendy Chronister Williams' Mo-

tion for Payment of the Interplead Funds (Docket # 26) is GRANTED.

---

1. It is arguable that, if Donald and Laura had been married for one year at his death, Wendy could not be the designated beneficiary without Laura's consent; but that case is not before the Court.