Fred J. HAMILTON, Sr., Mary Lovelace, Maurice Dixon and Michael Taylor, Appellants,

v.

UNITED STATES POSTAL SERVICE, Appellee.

No. 83–2476.

United States Court of Appeals, Eighth Circuit.

Submitted May 15, 1984.

Decided Oct. 23, 1984.

William R. Merryman, Kansas City, Mo., for appellants.

Nancy T. Forder, Larry D. Coleman, Asst. U.S. Atty., Kansas City, Mo., for appellee.

Before LAY, Chief Judge, and ROSS and FAGG, Circuit Judges.

FAGG, Circuit Judge.

The appealing parties are current or former employees of the United States Postal Service who suffered disciplinary suspensions for excessive absence. The employees contested the suspensions through the grievance and arbitration procedure provided by the collective bargaining agreement covering their employment relationship with the Postal Service. The employees' disagreement with the disciplinary suspensions focuses on their contention that they were improperly disciplined for absenteeism despite the fact that their absences involved using accrued sick leave with the approval of Postal Service administrators. In each case, however, the arbitrator upheld the discipline imposed by the Postal Service.

In this action the employees do not contest the merits of the arbitration awards. Indeed, since under section 15.4, paragraph A6, of the collective bargaining agreement an arbitrator's decision is final and binding, their attack would be limited to a suit alleging inadequate union representation. *Abernathy v. United States Postal Service,* 740 F.2d 612, 617 (8th Cir.1984). Instead of attacking the merits of the awards, the employees sued the Postal Service for money damages and declaratory and injunctive relief. As the basis for their claims, the employees allege violations by the Postal Service of their constitutional rights to due process and equal protection. The district court entered summary judgment for the Postal Service.

In this appeal the employees maintain that they should have been permitted to proceed with their lawsuit alleging constitutional violations. Relying upon the principles pronounced in *Bivens v. Six Unknown Federal Narcotics Agents,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), they contend that they may bring an action for money damages against the Postal Service directly under the Constitution. In addition to the claim for money damages, the employees contend that declaratory and injunctive relief may be obtained to remedy constitutional deprivations. The district court held that in view of the grievance and

arbitration procedure this suit could not be maintained to redress the alleged constitutional violations.

We affirm the district court, but we take a somewhat different approach. Although the availability of a *Bivens* action for damages is the main issue argued on appeal, we note that the basis for such an action, and likewise for an action seeking declaratory and injunctive relief, is a deprivation of constitutional rights. If constitutional violations are not adequately alleged or shown, then it is unnecessary to reach the question of whether the arbitration procedure precludes an action for vindication of constitutional rights. In this case we conclude that the employees have not sufficiently alleged claims of constitutional deprivation.

The employees' claim of a violation of due process is based on their contention that policies of the Postal Service concerning discipline for excessive absence are unconstitutionally vague. This claim has two aspects: First, the employees contend that there is a lack of objective guidelines or other notice to apprise employees of the point at which their approved use of accumulated sick leave benefits will subject them to discipline for excessive absence. Second, the employees contend that the Postal Service has failed to establish rules and regulations or other standards to govern the exercise of discretion by Postal Service officials who impose disciplinary measures, and that as a consequence such officials have unfettered discretion to decide which employees to discipline and the degree of absenteeism that will lead to discipline. This lack of standards, it is urged, leads to inconsistent and varying determinations with respect to administration of discipline.

Before addressing these contentions we examine pertinent provisions of the collective bargaining agreement, for we believe that at bottom the employees' dispute with the Postal Service arises from a clash of conflicting contractual provisions. Section 10.2 of the collective bargaining agreement incorporates the leave regulations of subchapter 510 of the Employee and Labor Relations Manual, which govern the accumulation and use of sick leave and include provisions concerning approval by supervisors. Under article 3, sections 3.2 and 3.3, of the collective bargaining agreement, the Postal Service has exclusive rights, subject to the terms of the agreement and consistent with applicable laws and regulations, to suspend employees and to maintain the efficiency of the operations entrusted to it. Section 16.1 of the collective bargaining agreement provides, however, that "[n]o employee may be disciplined * * * except for just cause * * *."

■ Hence, within the collective bargaining agreement there is a tension between the sick leave provisions and the right of the Postal Service to impose discipline to maintain the efficiency of its operations, since it is not clear under the agreement whether the Postal Service may discipline an employee, whose absence may indeed impair the efficiency of postal operations, for approved use of accumulated sick leave. Harmonizing the discordant provisions of the collective bargaining agreement was clearly a matter for the arbitrator. *See United Steelworkers of America v. American Manufacturing Co.,* 363 U.S. 564, 568, 80 S.Ct. 1343, 1346, 4 L.Ed.2d 1403 (1960); *United Steelworkers of America v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 585, 80 S.Ct. 1347, 1354, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel & Car Corp.,* 363 U.S. 593, 599, 80 S.Ct. 1358, 1362, 4 L.Ed.2d 1424 (1960); *Kewanee Machinery Division v. Local Union No. 21, International Brotherhood of Teamsters,* 593 F.2d 314, 317 (8th Cir.1979) (arbitrator's obligation to resolve conflicts in construction where "inherent tension between two provisions"). It is evident that in this case the arbitrator ruled adversely to the employees' interpretation of the collective bargaining agreement.

■ We disagree with the employees' contention that due process principles require that the Postal Service establish more precise standards concerning its imposition of discipline for excessive absence arising from use of sick leave. In essence, the employees are seeking to limit the discretion of Postal Service supervisors to determine whether in a given case discipline is warranted for excessive absence. Without question, employee discipline is a prerogative of management, subject to bargaining. We note that more specific standards could have been incorporated into the collective bargaining agreement, but were not. We also note that no claim is made that employee discipline is motivated by constitutionally impermissible reasons, for example, consideration of an employee's race, religion, sex, or exercise of a constitutional right.

■ In our view, the Postal Service's exercise of this discretion incident to the imposition of discipline is not without standards. While under the collective bargaining agreement the Postal Service has authority to discipline employees and to maintain the efficiency of its operations, employees may not be disciplined except for just cause. These provisions govern the Postal Service's disciplinary decisions and would be applied in arbitration of a dispute concerning employee discipline. Together these provisions establish a standard for imposition of discipline requiring just cause and incorporating the principle that employees may be disciplined to maintain the efficiency of Postal Service operations. We believe this standard is not unconstitutionally vague, and that its existence relieves the Postal Service from a duty to develop more specific disciplinary policies in order to meet due process requirements.

The provisions of the collective bargaining agreement concerning discipline appear to be equivalent to the language of former 5 U.S.C. § 7501(a) (presently 5 U.S.C. §§ 7503, 7513), which provided that an employee in the competitive service could be suspended "only for such cause as will promote the efficiency of the service." The Supreme Court upheld this language against a challenge on the ground that its vagueness and overbreadth impinged on First Amendment rights of free speech. *Arnett v. Kennedy,* 416 U.S. 134, 158–64, 94 S.Ct. 1633, 1646–49, 40 L.Ed.2d 15 (1974) (opinion of Rehnquist, J.); *id.,* 416 U.S. at 164, 94 S.Ct. at 1649 (opinion of Powell, J.), *id.,* 416 U.S. at 202–03, 94 S.Ct. at 1667–68 (opinion of White, J.). Because we conclude that the standard drawn from the collective bargaining agreement which governs imposition of employee discipline is not unconstitutionally vague, we reject the employees' claim that their due process rights were violated by a failure of the Postal Service to establish specific disciplinary policies.

■ We reach a similar conclusion with respect to the employees' claim of violations by the Postal Service of their rights to equal protection. Their equal protection claim asserts that the Postal Service disciplined them while other employees similarly situated or under the same or similar circumstances were not suspended or otherwise disciplined. The employees did not allege, however, that they were chosen for discipline for a constitutionally impermissible reason. As a consequence, they failed to make out a claim that their selection for discipline involved a violation of their rights to equal protection. Absent a claim of a constitutional violation, the question of disparity in the imposition of discipline is properly considered by the arbitrator in the process of deciding whether there is just cause for discipline in an individual employee's case. "Arbitrators generally insist on equal punishment for the same offense * * *." Getman, *Labor Arbitration and Dispute Resolution,* 88 Yale L.J. 916, 921 (1979) (in context of discussion of disciplinary procedures), *quoted with approval in Chauffeurs, Teamsters and Helpers Local Union No. 878 v. Coca-Cola Bottling Co.,* 613 F.2d 716, 720 (8th Cir.),

*cert. denied,* 446 U.S. 988, 100 S.Ct. 2975, 64 L.Ed.2d 847 (1980).

This case thus involves the usual questions of contract interpretation that arbitrators customarily handle and the sort of decisions typically made by management which lead to arbitration of a contested disciplinary suspension. The disagreement between the employees and the Postal Service turns on the arbitrator's interpretation of conflicting provisions of the collective bargaining agreement in order to give the document a workable meaning. Because the employees have not alleged a constitutional dimension to their dispute with the Postal Service, we affirm the district court's judgment.

Affirmed.