**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

———————

No. 96-3673

———————

Alvey, Incorporated,            *
                                  *
         Plaintiff - Appellant,  *
                           *        Appeal from the United States
         v.                   *   District Court for the
                            *    Eastern District of Missouri.
Teamsters Local Union No. 688,   *
                                    *
         Defendant - Appellee.           *

———————

Submitted:  May 23, 1997
                               Filed:   December 29, 1997

———————

Before BEAM, Circuit Judge, HENLEY,[1] Senior Circuit Judge, and LOKEN,
     Circuit Judge.

———————

LOKEN, Circuit Judge.

Alvey, Incorporated, appeals the district court's grant of summary judgment refusing to vacate a labor arbitration award in favor of Dewey Bounds, a discharged Alvey employee. Concluding that the arbitrator's award does not draw its essence from the collective bargaining agreement in one important respect, we reverse.

———————

[1]Judge Henley died on October 18, 1997.

On October 10, 1994, a Florissant, Missouri, narcotics detective received an anonymous tip that Bounds was "dealing or having drugs" at Alvey's nearby plant. The tipster said that Bounds carried a vial of cocaine to and from work each day in a black satchel. He also described Bounds, a very large man, and the car he drove to work. After learning that Bounds had an outstanding assault warrant, police went to the Alvey plant, located a car of that description, waited until Bounds emerged and carried a black satchel to the car, and stopped Bounds as he drove away from the plant. An immediate search of the black satchel uncovered a vial with an attached spoon, a device commonly used for ingesting cocaine. Inside the vial were traces of a white grainy substance later determined to be cocaine. Bounds was arrested for drug possession and later charged with possession of drug paraphernalia (the vial). In January 1995, following a bench trial, Bounds was found guilty of that charge in the Circuit Court of St. Louis County. The trial judge suspended imposition of sentence and placed Bounds on two years probation.

Alvey suspended Bounds promptly after his October arrest on drug charges. On November 4, Alvey discharged Bounds for violating Rule 30 of the Alvey Plant Rules, which prohibits "[u]se or possession of intoxicating beverages or narcotics on plant premises or working under the influence of either." Bounds filed a grievance under the collective bargaining agreement between Alvey and Local 688 of the Teamsters Union. Alvey denied the grievance, and the Union took the dispute to binding arbitration as provided in the agreement. The parties chose an arbitrator who held a hearing in March 1995, the issue being whether Alvey terminated Bounds for "just cause."

At the hearing, the decision of the criminal court was admitted into evidence, and two police officers testified that after his arrest Bounds admitted the vial was his but accused his ex-wife of putting it in the satchel. Bounds denied making that admission and testified that the vial was not his, he had never seen it, his practice was to leave the satchel open and accessible at the Alvey plant, and numerous co-workers often went in the bag to get items such as aspirin and toothpicks.

The arbitrator issued his decision in June 1995, sustaining the grievance and ordering Bounds reinstated with full back pay and no loss of seniority. Though Alvey proved that a vial containing cocaine was in Bounds's satchel at Alvey's plant, the arbitrator construed the word "possession" in Plant Rule 30 as requiring proof that Bounds *knowingly* possessed cocaine on company premises. Speculating that someone might have planted the vial in the satchel while Bounds was working, the arbitrator concluded that Alvey failed to prove just cause for discharge because there

was "sufficient doubt" that Bounds knowingly possessed cocaine on company premises.  Alvey then filed this action seeking to vacate the arbitrator's award, and the parties filed cross motions for summary judgment on the arbitration record.

**I.**

The district court correctly defined the narrow scope of judicial review that applies in reviewing arbitration awards under collective bargaining agreements:

> The courts are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract. . . . As long as the arbitrator's award "draws its essence from the collective bargaining agreement," and is not merely "his own brand of industrial justice," the award is legitimate.

International Woodworkers of Amer. v. Weyerhaeuser Co., 7 F.3d 133, 135 (8th Cir. 1993), quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987), and United Steelworkers of Amer. v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960).  Applying that standard of review, we agree with the district court's resolution of all but one of the issues Alvey raises on appeal.

1.  First, Alvey argues that the arbitrator impermissibly modified the collective bargaining agreement because Plant Rule 30 contains no requirement that the possession of illegal narcotics at work be knowing. Therefore, Alvey contends, there

was just cause to discharge Bounds for possession of the cocaine found in a satchel he was taking away from Alvey's plant.  Like the district court, we disagree.  Plant Rule 30 uses an ambiguous term, "possession," without defining it. Thus, the arbitrator was required to define that word as used in a Plant Rule the violation of which would provide just cause for terminating an employee.[2]  It is the arbitrator's function to interpret a collective bargaining agreement; "the parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject an award on the ground that the arbitrator misread the contract."  <u>Misco</u>, 484 U.S. at 38.

   2.  Alvey next argues that the arbitrator's decision was arbitrary and capricious because it required Alvey to prove Bounds guilty of violating Plant Rule 30 beyond a "sufficient doubt."  Alvey relies on <u>Square Plus Operating Corp. v. Local Union No. 917</u>, 1992 WL 116610 (S.D.N.Y. May 15, 1992), in which the court vacated an award because the arbitrator required the employer to prove employee wrongdoing "beyond a reasonable doubt," a criminal law standard of proof.  <u>Contra</u>, <u>Amalgamated Meat Cutters v. Neuhoff Bros. Packers, Inc.</u>, 481 F.2d 817, 819-20 (5th Cir. 1973).  Here, on the other hand, the arbitrator expressly stated he was not applying the "beyond a reasonable doubt" standard of proof.

   We reject the "arbitrary and capricious" standard of review urged by Alvey.  That standard governs appeals under the Administrative Procedure Act, <u>see</u> 5 U.S.C. § 706(2)(A), not the Federal Arbitration Act, <u>see</u> 9 U.S.C. § 10.  Unless there is specific controlling language in the collective bargaining agreement, we agree with the Eleventh Circuit that "[a]n arbitrator's decision allocating the burden of proof among the parties or in fixing the legal framework for evaluation of a grievance ordinarily cannot be reviewed in federal court."  <u>Sullivan, Long & Hagerty, Inc. v. Local 559 Laborers' Int'l Union</u>, 980 F.2d 1424, 1429 (11th Cir. 1993).  Thus, the award may not be vacated on this ground.

---

[2]Article 6 of the collective bargaining agreement provides that Alvey retains the right "to make and apply reasonable rules and regulations concerning conduct, safety and the operation of the business," such as Plant Rule 30.  But Article 17.1 of the agreement provides that "[n]o employee will be discharged without just cause." "Harmonizing these discordant provisions was clearly a matter for the arbitrator and was well within his authority."  <u>Local 238 Int'l Bhd. of Teamsters v. Cargill, Inc.</u>, 66 F.3d 988, 990 (8th Cir. 1995).

3. Alvey further argues that the award must be vacated because it conflicts with a "well defined and dominant" public policy. <u>See</u> <u>W.R. Grace & Co. v. Local Union 159, Int'l Union of the United Rubber Workers</u>, 461 U.S. 757, 766 (1983). Alvey correctly notes that the public policy prohibiting illegal drugs in the workplace is reflected in countless judicial decisions and numerous state and federal statutes and regulations, such as the Drug Free Workplace Act of 1988, 41 U.S.C. §§ 701-07. However, in <u>Misco</u> the Supreme Court explained that <u>W.R. Grace</u> does not "sanction a broad judicial power to set aside arbitration awards as against public policy." To be vacated on this ground, an award must conflict with specific laws or legal precedents, not general policy considerations, "and the violation of such a policy must be clearly shown." 484 U.S. at 43.

In this case, as the district court noted, the arbitrator concluded there was no just cause to discharge Bounds because Alvey failed to prove he knowingly possessed cocaine at work. Given the arbitrator's view of the facts -- which we may not disturb -- his award does no clear violence to the public policy on which Alvey relies. Alvey's reliance on <u>Exxon Corp. v. Baton Rouge Oil & Chemical Workers Union</u>, 77 F.3d 850 (5th Cir. 1996), and <u>Gulf Coast Indus. Workers Union v. Exxon Co.</u>, 991 F.2d 244 (5th Cir.), <u>cert. denied</u>, 510 U.S. 965 (1993), is misplaced. In those cases the arbitrator specifically found that the discharged employee violated the employer's work rule regarding drug use or possession. Of course, other arbitrators might agree with Alvey that discharge in this case was appropriate because strict enforcement of such work rules will encourage employees to comply and help ensure drug free workplaces. But since the award does not clearly violate that public policy, <u>Misco</u> teaches that we must

defer, even if reluctantly, to the arbitrator's view of whether a particular employee discipline furthers that policy. See 484 U.S. at 45.

## II.

For the foregoing reasons, the arbitrator's decision that Alvey had no just cause to discharge Bounds in November 1994 for violating Plant Rule 30 must be upheld. However, rather than end the case, this conclusion brings us to the issue on which we part company with the arbitrator's analysis. In addition to Plant Rule 30, Alvey's drug policies include a February 1992 memorandum to all employees concerning the Drug Free Workplace Act. Part 4 of this policy, entitled Disciplinary Action, provides in relevant part:

> B. Upon any . . . <u>criminal drug statute conviction</u> for a violation occurring either in or outside the workplace, the employee will be subject to disciplinary action <u>at the sole discretion of the company, up to and including discharge</u>, depending upon the circumstances.

(Emphasis added.) This policy was made part of the arbitration hearing record, and the Union apparently concedes that it is a work rule within Alvey's management rights as defined in Article 6 of the collective bargaining agreement. See note 2, supra. The arbitrator nonetheless summarily refused to consider this policy because:

> The Employer's proof shows that [the state court] suspended the imposition of sentence. As of this writing, a suspended imposition of sentence is not a conviction. <u>Yale v. City of Independence</u>, 846 S.W.2d 193 (Mo. 1993).

The district court agreed with this reasoning, adding that "the Missouri Supreme Court has reaffirmed its position that a suspended imposition of sentence is not a conviction under Missouri law. <u>M.A.B. v. Nicely</u>, 909 S.W.2d 669, 671 (Mo. en banc 1995)."

On appeal, Alvey renews its contention that the arbitrator impermissibly substituted his discretion for that of the company in interpreting and applying Alvey's work rules.  To the limited extent that the arbitrator failed properly to consider the applicability of Section 4.B., we agree.


The Missouri cases cited by the arbitrator and by the district court construed the technical term "conviction" under Missouri criminal law and then applied that construction to a witness impeachment statute and a public employer's manual.  Those decisions do not resolve this case.  The issue here is the *intended* meaning of the word "conviction" in Section 4.B. of Alvey's work rule implementing the Drug Free Workplace Act.  The arbitrator wholly ignored that issue.  Instead of looking at the word in context, taking into account its ordinary meaning and any pertinent plant practices or history, the arbitrator adopted his own, hyper-technical meaning derived from a contextually inapposite source in state law.  The result of this misguided approach is a highly suspect conclusion.  Although our views on the question are of course not controlling, we think it strains credulity to posit that an employer who defines drug-offenses-warranting-discharge to include "a criminal drug statute conviction" would intend to *exclude* from that category criminal trials that end in findings of guilt and sentences of probation plus the deferred imposition of a more punitive sentence.


At this point, we return to the governing standard of review, whether the arbitrator's award "dr[e]w its essence from the collective bargaining agreement."  Is the flaw we have identified simply a mistaken interpretation of the contract that we must uphold, or does it violate the fundamental principle that "an arbitrator is confined to interpretation and application of the collective bargaining agreement; he does not sit to dispense his own brand of industrial justice"?  Enterprise Wheel, 363 U.S. at 597.  Although the issue is not free from doubt, we conclude it is the latter.  An arbitrator may look to outside sources to aid in interpreting a collective bargaining agreement, but he must construe the contract; he may not amend it.  See Keebler Co. v. Milk Drivers

Union, Local No. 471, 80 F.3d 284, 288 (8th Cir. 1996); Timken Co. v. Local Union No. 1123, United Steelworkers of Amer., 482 F.2d 1012, 1015 (6th Cir. 1973). Here, the arbitrator effectively wrote a relevant work rule out of the agreement by looking exclusively at an inconclusive outside source. This part of the arbitrator's award cannot be said to draw its essence from the collective bargaining agreement. See Trailways Lines, Inc. v. Trailways, Inc. Joint Council, 807 F.2d 1416, 1424 (8th Cir. 1986); cf. International Woodworkers v. Weyerhaeuser, 7 F.3d at 136.

Finally, we must consider the impact of this limited error on the arbitrator's overall award. Alvey discharged Bounds for violating Plant Rule 30, not Section 4.B. of the Drug Free Workplace Act policy. Indeed, Bounds's criminal "conviction" did not occur until two months after discharge. The award of back pay for the pre-conviction period must be upheld. But the award of reinstatement and additional back pay must be based upon a valid application of Section 4.B. As retired Justice Potter Stewart explained, sitting by designation in National Post Office Mailhandlers Union v. United States Postal Service, 751 F.2d 834, 844 (6th Cir. 1985), "Certainly the [employer] cannot now be ordered to reinstate an employee convicted of a crime which by binding arbitration has been determined to constitute just cause for discharge." In this case, the arbitrator failed to determine whether the post-discharge conviction constitutes just cause for discharge. Thus, further proceedings are needed to determine whether Section 4.B. applies and, if so, its impact on the remedy to which Bounds is entitled. Accordingly, the judgment of the district court is reversed and the case is remanded with directions to remand for further arbitration proceedings not inconsistent with this opinion. See Misco, 484 U.S. at 41-42 & n.10.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-8-