# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3123

_____

|  |  |  |
|---|---|---|
| Homestake Mining Company, of California, a California corporation, | * * * | |
| Appellant, | * * | |
| v. | * * * | Appeal from the United States District Court for the District of South Dakota. |
| United Steelworkers of America, AFL-CIO, AFL-CIO-CLC, Local 7044; Stacy Oberle, | * * * * | |
| Appellees. | * | |

_____

Submitted: June 11, 1998
Filed: August 17, 1998

_____

Before BEAM, ROSS, and MAGILL, Circuit Judges.

_____

MAGILL, Circuit Judge.

Homestake Mining Company (Homestake) appeals from the district court's[1] denial of its motion to vacate a labor arbitration award that reinstated Stacy Oberle, a Homestake employee who was discharged for alleged safety violations. Homestake

_____

[1]The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota.

contends that the award failed to draw its essence from the collective bargaining agreement and that the award should be set aside as contrary to public policy. We affirm.

## I.

Oberle was a welder in the maintenance department at the Homestake gold mine in Lead, South Dakota, where Oberle had worked in various positions for sixteen years. The relevant collective bargaining agreement authorized Homestake to discharge employees "for just cause," and incorporated by reference federal mine safety regulations as workplace safety rules in the mine. Collective Bargaining Agreement at 4, 36, reprinted in Homestake's App. at 54, 86.

On March 29, 1996, Oberle began constructing a metal cart to carry a fifty-five gallon barrel of oil and other lubricants used in the mine. Oberle's welding bench was located approximately ten to twenty feet from the barrel, and the construction of the cart required Oberle to move frequently between the barrel and the welding bench to check his measurements. As the cart's frame was nearly completed, Oberle carried the frame over to the barrel to see if the frame fit properly. While resting the frame on top of the barrel, Oberle tack welded two small corner pieces to the frame, and then returned the frame to his welding bench to weld those pieces permanently into place.

A supervisor saw Oberle at work and instructed Oberle to refrain from using the barrel as a welding stand. Oberle complied. On April 2, 1996, Homestake suspended Oberle and charged him with violating two mine safety regulations: (1) a welding safety curtain regulation, requiring that "[w]elding operations shall be shielded when performed at locations where arc flash could be hazardous to persons," 30 C.F.R. § 57.14213(a) (1995); and (2) a ventilation regulation, requiring proper ventilation and cleaning "[b]efore welding, cutting, or applying heat with an open flame to . . . containers that have contained flammable or combustible liquids." 30 C.F.R. § 57.4604

(1995).  Homestake assessed Oberle disciplinary "points" for each violation, putting Oberle over the limit beyond which he could be terminated.  After an investigation, Oberle was terminated on April 4, 1996.

Pursuant to the collective bargaining agreement, the parties submitted this dispute to an arbitrator to determine whether Homestake had just cause to fire Oberle.  The arbitrator held that Homestake's evidence was insufficient to prove that Oberle had violated the welding curtain regulation.  The arbitrator also held that Oberle had not violated the ventilation regulation because "[t]he record in this hearing compels a finding that [Oberle] was not welding to the barrel.  To the contrary, he was welding on the cart parts which he had positioned on the barrel."  Arbitrator's Decision and Award (Oct. 21, 1996) at 14, reprinted in Homestake's App. at 19.  Accordingly, the arbitrator held that Homestake did not have just cause to terminate Oberle and ordered Homestake to expunge the disciplinary points from his record and to reinstate Oberle with back pay. The district court denied Homestake's subsequent motion to vacate the award. Homestake now appeals.

## II.

The district court's denial of a motion to vacate an arbitration award is not entitled to any special deference on appeal, and this Court reviews its conclusions of law de novo.  Kiernan v. Piper Jaffray Cos., 137 F.3d 588, 591 (8th Cir. 1998); Keebler Co. v. Milk Drivers & Dairy Employees Union, Local No. 471, 80 F.3d 284, 287 n.2 (8th Cir. 1996).  "The scope of judicial review of arbitration awards under collective-bargaining agreements is extremely limited," United Food and Commercial Workers v. Shop 'N Save Warehouse Foods, Inc., 113 F.3d 893, 894 (8th Cir. 1997), and we will not "reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract."  United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 36 (1987).  In other words, we "do not sit to hear claims of factual or legal error by an arbitrator as an appellate court

does in reviewing decisions of lower courts."  Id. at 38.

Homestake contends that, because the collective bargaining agreement empowered Homestake to discipline employees without subjecting its decision to grievance procedures, the arbitrator lacked the authority to resolve this dispute.  We disagree.  An arbitrator's award must be enforced "as long as he is arguably construing or applying the [collective bargaining agreement]" rather than "dispens[ing] his own brand of industrial justice."  Midwest Coca-Cola Bottling Co. v. Allied Sales Drivers, Local 792, 89 F.3d 514, 517 (8th Cir. 1996).  By requesting that the arbitrator determine whether Homestake had just cause to discharge Oberle, both parties "confer[red] authority upon the arbitrator to decide that issue," Local 238, Int'l Bhd. of Teamsters v. Cargill, Inc., 66 F.3d 988, 990-91 (8th Cir. 1995) (per curiam) (emphasis omitted), and we will not give credence to Homestake's argument "that the arbitrator had no authority to decide an issue it agreed to submit."  Id. at 991.  Given that Homestake terminated Oberle for allegedly violating federal mine safety regulations that were incorporated into the mine's workplace safety rules, the arbitrator correctly addressed whether Oberle had in fact violated those rules.  Moreover, to the extent that the collective bargaining agreement may have imposed conflicting requirements in this regard, "[h]armonizing these discordant provisions was clearly a matter for the arbitrator."  Cargill, 66 F.3d at 990.  After careful consideration of Homestake's arguments, we conclude that the award "draws its essence from the collective bargaining agreement," United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597 (1960), and that the arbitrator therefore did not exceed the scope of his authority under the collective bargaining agreement in rendering this award.

Homestake further contends that enforcing the arbitrator's award would be contrary to both a general public policy in favor of mine safety and a specific public policy in favor of keeping flames away from combustible materials.  Again, we disagree.  An arbitration award cannot be overturned on public policy grounds unless "it is contrary to a well-defined and dominant policy embodied in laws and judicial

-4-

precedent." PaineWebber, Inc. v. Agron, 49 F.3d 347, 350 (8th Cir. 1995) (quotations omitted). Even if we were to recognize the public policies as articulated by Homestake, "the violation of such [policies] must be clearly shown if an award is not to be enforced." Misco, 484 U.S. at 43. Homestake has not carried this burden. The arbitrator determined that Oberle did not violate the ventilation regulation because the regulation prohibited welding to certain containers but did not prohibit welding upon them. The arbitrator's interpretation of this regulation's plain language is neither "completely irrational [nor] evidences a manifest disregard for law," Lee v. Chica, 983 F.2d 883, 885 (8th Cir. 1993) (quotations omitted), and is therefore "insulated from review." Stroh Container Co. v. Delphi Indus., Inc., 783 F.2d 743, 750 (8th Cir. 1986). Although we have expressed public policy concerns about an award that reinstated an employee despite a finding that the employee grossly and deliberately violated important safety regulations, see Iowa Elec. Light & Power Co. v. Local Union 204, Int'l Bhd. of Elec. Workers, 834 F.2d 1424, 1429-30 (8th Cir. 1987), in the absence of such a finding here, no similar concerns arise. Thus, the award "does no clear violence to the public polic[ies]" Homestake has asserted, Alvey, Inc. v. Teamsters Local Union No. 688, 132 F.3d 1209, 1212 (8th Cir. 1997), and we will not set it aside on public policy grounds.

Accordingly, we affirm the district court's denial of Homestake's motion to vacate the arbitration award. The appellees' motion for attorneys' fees and double costs is denied.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-