# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2719

_____

Carlisle Power Transmission Products,   *
Inc.,   *
  *
   Plaintiff - Appellant,   *  Appeal from the United States
  *  District Court for the
   v.   *  Western District of Missouri.
  *
United Steelworkers of America, et al.,   *   [UNPUBLISHED]
  *
   Defendants - Appellees.   *

_____

Submitted: January 16, 2009
Filed: June 4, 2009

_____

Before LOKEN, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

A collective bargaining agreement between Carlisle Power Transmission Products, Inc. (Carlisle), and Local 662 of the United Steelworkers of America expired on March 31, 2006, with three pending grievances unresolved. Article 41, § 9, of the Agreement provided: "Any matter not fully arbitrated before the expiration of this Agreement will not be arbitrated after this Agreement expires, except by written agreement between the parties, continuation of this Agreement through extension(s) or as provided by a subsequent Agreement." The next day, a new collective bargaining agreement containing the same grievance and arbitration provisions took effect.

Carlisle and the Union continued efforts to resolve the three grievances but were unsuccessful. In May, the Union sought arbitration. Carlisle refused, citing Article 41, § 9. The parties agreed to arbitrate this issue of arbitrability. The arbitrator ruled that the grievances are arbitrable because Carlisle's actions after expiration of the agreement -- conducting step 3 grievance proceedings for one grievant and offering to settle two of the grievances -- "nullified its position under Article 41 section 9 and recognized the unions' position to be correct."

Carlisle commenced this action under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, seeking vacation of the arbitration award. The Union counterclaimed for confirmation and enforcement. The district court[1] granted the Union's motion for summary judgment, concluding that the arbitration award "draws its essence" from the collective bargaining agreement and therefore "must not be disturbed by the Court." Carlisle Power Transmission Prods., Inc. v. United Steelworkers of Am., 2008 WL 2787985, at *2-*3 (W.D. Mo. July 16, 2008). Carlisle appeals.

Having carefully reviewed the record, we affirm for the reasons stated in the district court's order. See 8th Cir. R. 47B. The court correctly stated the narrow scope of judicial review of a labor arbitration award. See, e.g., Alvey, Inc. v. Teamsters Local Union No. 688, 132 F.3d 1209, 1211 (8th Cir. 1997). The Supreme Court has often stated, "as long as an honest arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, the fact that a court is convinced he committed serious error does not suffice to overturn his decision." Eastern Assoc. Coal Corp. v. United Mine Workers, 531 U.S. 57, 62 (2000) (quotations omitted).

_____

[1]The HONORABLE ORTRIE D. SMITH, United States District Judge for the Western District of Missouri.