# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-2405

_____

PSC Custom, LP

*Plaintiff - Appellee*

v.

United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied
Industrial and Service Workers International Union, Local No. 11-770

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Missouri - Springfield

_____

Submitted: April 16, 2014
Filed: August 19, 2014

_____

Before WOLLMAN, BYE, and SHEPHERD, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Local 11-770 of the United Steel, Paper and Forestry, Rubber, Manufacturing,
Energy, Allied Industrial and Service Workers International Union (the Union)
appeals from the district court's order vacating an arbitration award. We reverse.

## I.  Background

PSC Custom, LP (PSC), manufactures tanks that are used to transport liquids. On May 17, 2011, PSC discharged Roy Buscher, an employee represented by the Union, for failing to perform a task that his supervisor had directed him to complete. As a member of the Union, Buscher was covered by a five-year collective bargaining agreement (the CBA) and by PSC's Standards of Conduct, a rule manual created pursuant to Article 29 of the CBA.

With respect to discharge, Article 21 of the CBA provides that "[n]o employee shall be discharged, demoted, or otherwise disciplined without good and sufficient cause." Article 29 sets forth certain "acts and conditions" that violate PSC's rules as well as the penalties associated with these violations. Relevant here, Article 29 states that insubordination carries the penalty of discharge: "Insubordination such as refusal to work on the job assigned, etc. consistent with the employee's classification and safety (penalty-discharge)." The Standards of Conduct also identify insubordination as a violation of PSC's rules that "will result in immediate termination." Buscher was discharged for insubordination under Article 29 and the Standards of Conduct. The Union grieved Buscher's discharge.

The CBA allows the Union to appeal grievances to arbitration. As is typical, the CBA limits the arbitrator's authority:

> The arbitrator shall only have jurisdiction and authority to interpret, apply, or determine compliance and/or application of the express provisions of this Agreement at issue between the Union and the Company. It is understood that the arbitrator shall not have jurisdiction or authority to add to, disregard, or alter in any way the terms of this Agreement.

The CBA also provides that any dispute between PSC and the Union concerning the existence of good and sufficient cause for discharge is to be resolved in accordance with the arbitration provisions. The Union ultimately submitted the issue of Buscher's termination to arbitration.

The parties stipulated the issue for the arbitrator as follows: "Did [PSC] have just cause to indefinitely suspend and/or discharge the Grievant, Roy Buscher?"[1] The arbitrator answered this question in the negative and awarded Buscher reinstatement subject to a ten-day suspension. In resolving the dispute, the arbitrator concluded that Buscher had been insubordinate in violation of Article 29 and the Standards of Conduct. The arbitrator, however, proceeded to conduct a just cause analysis in accordance with the parties' stipulated issue and determined that, even though Buscher had been insubordinate, PSC did not have just cause to discharge Buscher. Specifically, the arbitrator noted that "[j]ust cause allows the termination of an employee in two different situations: a final step in the progressive disciplinary process or a single incident of very serious misconduct." After acknowledging various mitigating circumstances, such as the fact that Buscher was ill on the day of the insubordination and Buscher's near perfect attendance record, the arbitrator concluded that Buscher's single incident of insubordination was not severe enough to constitute just cause for the discharge.

PSC then commenced this action against the Union seeking to vacate the arbitrator's award; the Union counterclaimed to enforce the award. The district court granted PSC's cross-motion for summary judgment and vacated the award. In so doing, the district court concluded that the arbitrator exceeded his authority by

---

[1]The parties have not submitted the materials that they provided to the arbitrator containing their actual stipulation of the issue. The arbitrator's award, however, frames the issue as set forth above, and neither party objects to the arbitrator's framing of the stipulated issue.

modifying the penalty set forth in the CBA for insubordination. The district court also denied the Union's subsequent motion for reconsideration. The Union appeals.

## II. Standard of Review

"[W]e review the district court's decision to vacate the arbitrator's award *de novo*." Alcan Packaging Co. v. Graphic Commc'n Conference, Int'l Bhd. of Teamsters & Local Union No. 77-P, 729 F.3d 839, 841 (8th Cir. 2013).

PSC's action to vacate the arbitrator's award arises under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. "Under this section, we review an arbitrator's award to determine whether: (1) the parties agreed to arbitrate; and (2) the arbitrator had the power to make the award." Excel Corp. v. United Food & Commercial Workers Int'l Union, Local 431, 102 F.3d 1464, 1467 (8th Cir. 1996). The parties do not dispute that the grievance was subject to arbitration, so the question before us is whether the arbitrator had the authority to enter the award.

Judicial review of an arbitrator's decision is extremely limited. Courts "must accord 'an extraordinary level of deference' to the underlying award itself." Boise Cascade Corp. v. Paper Allied-Indus., Chem. & Energy Workers, 309 F.3d 1075, 1080 (8th Cir. 2002) (quoting Keebler Co. v. Milk Drivers & Dairy Emps. Union, Local No. 471, 80 F.3d 284, 287 (8th Cir. 1996)). "[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." Boehringer Ingelheim Vetmedica, Inc. v. United Food & Commercial Workers, 739 F.3d 1136, 1140 (8th Cir. 2014) (quoting United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 38 (1987)); see also Alcan Packaging, 729 F.3d at 843. Also, "[a] mere ambiguity in the opinion accompanying an award, which permits the inference that the arbitrator may have exceeded his authority, is not reason for refusing to enforce the award." United Steelworkers v.

<u>Enter. Wheel & Car Corp.</u>, 363 U.S. 593, 598 (1960). An arbitrator's decision, however, is not completely free from judicial review. <u>Boise Cascade</u>, 309 F.3d at 1080. We may vacate an arbitrator's award when it does not "draw[] its essence from the collective bargaining agreement" and instead reflects the arbitrator's "own brand of industrial justice[.]" <u>Misco</u>, 484 U.S. at 36 (quoting <u>Enter. Wheel</u>, 363 U.S. at 597). That is to say, "[t]he arbitrator may not ignore the plain language of the contract[,]" <u>id.</u> at 38, and "may not . . . modify unambiguous contract provisions[,]" <u>Trailmobile Trailer, LLC v. Int'l Union of Elec., Elec., Salaried, Mach. & Furniture Workers</u>, 223 F.3d 744, 747 (8th Cir. 2000).

## III. Discussion

PSC argues that the plain language of the CBA and the Standards of Conduct mandate that an employee found guilty of insubordination be discharged. According to PSC, after the arbitrator found that Buscher had been insubordinate, he was required to uphold Buscher's discharge. PSC thus argues that the arbitrator exceeded his authority by proceeding to a just cause analysis after he concluded that Buscher had been insubordinate, a violation mandating discharge under Article 29 and the Standards of Conduct, and by reducing the penalty from discharge to suspension under this analysis.[2] We disagree.

Whether Buscher was discharged for just cause was a matter of contract interpretation that was within the arbitrator's authority. PSC's contention that the arbitrator ignored the plain language of the CBA is based on a reading of Article 29 and the Standards of Conduct in isolation, which provide that the penalty for

---

[2]Because our holding is not based on the Union's argument regarding the safety clause in Article 29's description of insubordination, we need not address whether the Union waived that argument by raising it for the first time in its motion for reconsideration.

insubordination is discharge.  Collective bargaining agreements, however, are to be construed as a whole with the terms read in the context of the entire agreement.  Sheet Metal Workers Int'l Ass'n v. Lozier Corp., 255 F.3d 549, 551 (8th Cir. 2001).

Article 21 of the CBA requires that no employee be discharged without just cause.  There is nothing in Article 29 or the Standards of Conduct that states that Article 21's just cause requirement does not apply when considering the discharge of an employee pursuant to those provisions.  It was for the arbitrator to harmonize any possibly discordant provisions within the CBA relating to the authority granted to management to discharge employees for insubordination and the just cause requirement limiting that authority.  See PSC Custom, LP v. United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, Local No. 11-770, No. 13-1943, 2014 WL 2884087, at *4 (8th Cir. June 26, 2014) (quoting Trailmobile Trailer, 223 F.3d at 747); Bureau of Engraving, Inc. v. Graphic Commc'n Int'l Union, 284 F.3d 821, 825 (8th Cir. 2002).  Indeed, we have previously upheld an arbitrator's award that found discharge was improper when there was tension between a shop rule and a term of the collective bargaining agreement, reasoning that "[i]t is a question of interpretation and construction under the facts—what relationship exists between the two provisions." Kewanee Mach. Div. v. Local Union No. 21, Int'l Bhd. of Teamsters, 593 F.2d 314, 318 (8th Cir. 1979).  While it might have been reasonable for the arbitrator to conclude that Article 29 and the Standards of Conduct are not subject to Article 21's just cause requirement, it was just as reasonable for the arbitrator to conclude that Article 21 gave him the authority to conduct a just cause analysis.  Because the arbitrator had the authority to adopt one reasonable interpretation of the CBA over the other, his interpretation must not be disturbed.  See Bureau of Engraving, 284 F.3d at 825; Kewanee Mach., 593 F.2d at 318; see also Misco, 484 U.S. at 38.

In undertaking the just cause analysis, the arbitrator necessarily was concerned "with a question of remedy—whether there was 'sufficient just cause' to warrant

termination[.]" <u>Local 238, Int'l Bhd. of Teamsters v. Cargill, Inc.</u>, 66 F.3d 988, 990 (8th Cir. 1995) (per curiam). The arbitrator concluded that PSC did not have just cause to discharge Buscher and instead that suspension was an appropriate remedy. "[T]hough the arbitrator's decision must draw its essence from the agreement, he 'is to bring his informed judgment to bear in order to reach a fair solution of a problem. *This is especially true when it comes to formulating remedies*.'" <u>Id.</u> (alteration in original) (quoting <u>Misco</u>, 484 U.S. at 41). Thus, the arbitrator did not ignore the plain language of the CBA when he determined that PSC did not have just cause to discharge Buscher and when he reduced the penalty from discharge to suspension.

Moreover, the parties' stipulation gave the arbitrator the authority to decide the issue whether just cause for discharge existed. <u>See</u> <u>Homestake Mining Co. v. United Steelworkers</u>, 153 F.3d 678, 680 (8th Cir. 1998) ("[W]e will not give credence to [the company's] argument 'that the arbitrator had no authority to decide an issue it agreed to submit.'" (quoting <u>Cargill</u>, 66 F.3d at 991)). "When two parties submit an issue to arbitration, it confers authority upon the arbitrator to decide *that* issue." <u>Cargill</u>, 66 F.3d at 990-91. "[O]nce the parties have gone beyond their promise to arbitrate and have actually submitted an issue to an arbiter, we must look *both to their contract and to the submission of the issue to the arbitrator* to determine his authority." <u>John Morrell & Co. v. Local Union 304A of the United Food & Commercial Workers</u>, 913 F.2d 544, 561 (8th Cir. 1990) (alteration in original) (quoting <u>Piggly Wiggly Operators' Warehouse, Inc. v. Piggly Wiggly Operators' Warehouse Indep. Truck Drivers Union, Local No. 1</u>, 611 F.2d 580, 584 (5th Cir. 1980)).

The parties requested that the arbitrator decide whether Buscher was terminated for just cause. Having entered into a stipulation calling for a just cause analysis, PSC will not now be heard to complain that the arbitrator performed the very analysis PSC asked him to undertake instead of limiting his decision to the purely factual finding of whether Buscher had been insubordinate. <u>See</u> <u>Trailmobile Trailer</u>, 223 F.3d at 747; <u>see also</u> <u>Misco</u>, 484 U.S. at 37 ("[T]he moving party should not be deprived of

the arbitrator's judgment, when it was his judgment and all that it connotes that was bargained for." (quoting United Steelworkers v. Am. Mfg. Co., 363 U.S. 564, 568 (1960))).

The cases from our circuit upon which PSC relies do not conflict with our holding. In Truck Drivers & Helpers Union Local 784 v. Ulry-Talbert Co., 330 F.2d 562, 564-65 (8th Cir. 1964), the collective bargaining agreement limited the arbitrator to determining whether the employee had been guilty of the conduct for which he had been disciplined. Thus, after concluding that the employee had engaged in the misconduct, the arbitrator did not have the authority to assess the penalty to be imposed for the misconduct. Id. Similarly, in St. Louis Theatrical Co. v. St. Louis Theatrical Brotherhood Local 6, 715 F.2d 405, 408 (8th Cir. 1983), "the collective bargaining agreement provide[d] that the only arbitrable issue be the fact of an employee's participation in a prohibited activity." Here, the CBA does not place remedial restrictions on the arbitrator's authority, and the parties expressly requested that the arbitrator evaluate the propriety of the discipline imposed by PSC.

We cannot interfere with the arbitrator's award "unless it can be said with positive assurance that the contract is not susceptible of the arbitrator's interpretation." Kewanee Mach., 593 F.2d at 318 (quoting Int'l Bhd. of Elec. Workers, Local Union Nos. 12, 111, 113, 969 v. Prof'l Hole Drilling, Inc., 574 F.2d 497, 503 (10th Cir. 1978)). Such is not the case here, because it is possible to interpret the CBA as allowing a just cause analysis after the determination that an employee has engaged in misconduct for which the shop rules contained in the CBA mandate discharge. Accordingly, the arbitrator did not exceed his authority by concluding that PSC did not have just cause to discharge Buscher and by reducing the penalty from discharge to suspension, because his award draws its essence from the CBA.

## IV. Conclusion

The judgment of the district court is reversed, and the case is remanded with directions that the arbitration award be reinstated.

_____